# IN RE CUNNINGHAM.

---

PATENTS; PROCESS; FUNCTION OF MECHANISM.

Where an applicant has been allowed a patent for an apparatus or means for coaling ships at sea, and then claims a patent for the process of effecting the same purpose, but the alleged process cannot be conceived as independent of such apparatus and calls for the apparatus as the only means for carrying it into effect,

and the process cannot be described without reference to the apparatus, the alleged process is not a true process but is merely the function of the apparatus previously allowed for patent, is sufficiently covered by that allowance, and is not patentable.

No. 213.  Patent Appeals.  Submitted November 18, 1902.  Decided December 3, 1902.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent for an alleged process.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decision of the Commissioner of Patents, wherein, affirming the decisions of the lower tribunals of his office, he refused to allow a patent to the applicant Andrew C. Cunningham for the following claim:

·  " The improvement in the art of coaling ships in the open water, herein described, the same consisting in making a flexible connection athwartships, or abeam, between the ship to be supplied and the ship from which the coal is to be taken at sufficient distance apart to permit rolling and pitching of both ships without interference with each other, and creating sufficient lateral pressure between one of the ships and the surrounding water on the side toward the other ship to maintain them at such distance apart."

This claim is for an alleged process.   It has been rejected, not because there is not invention in the device, but because, as it is held in the Patent Office, there is no true process here, but only the statement of the function of a machine or apparatus, for which a patent had already been allowed to the same applicant.   The claim of the allowed application is this:

" The combination of a ship to be coaled, a collier or supply-ship, a flexible connection athwartships between said ships of sufficient length to permit both ships to roll and pitch without interference with each other, and means for creating a lateral pressure between one of the ships and the surrounding water on the side toward the other ship sufficient to maintain them at such distance apart."

This calls for an apparatus or means for effecting a certain purpose: the claim in the present case covers the method of effecting the purpose. The question is whether this latter is a true process, or merely the function of the mechanism already patented or allowed for patent. If it is a true process, it is entitled to be protected by patent; if it is merely the function of the apparatus previously allowed for patent, it is sufficiently covered by that allowance.

*Messrs. Pennie & Goldsborough* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

We deem it unnecessary to go into the vexed question of what constitutes a patentable process, which we had occasion to discuss in the case of *In re Weston,* 17 App. D. C. 431, wherein we had occasion to consider at some length the various cases on the question in the Supreme Court of the United States. We agree with the Commissioner of Patents and the tribunals of his office that there is not here a true process, but only the function of an apparatus. Beyond question the claim correctly and fully expresses the function of the apparatus invented by the applicant. Does it express anything more? Can it be conceived as independent of that apparatus? Does not the so-called process necessarily call for the apparatus as the means, indeed, the only means, for carrying it into effect? Can the process be described without reference to the apparatus? We do not see how this alleged process is to be conceived of independently of the apparatus the function of which is precisely the same.

The case is cited of *Bowers* v. *San Francisco Bridge Co.,* 91 Fed. Rep. 381, wherein there were two patents involved, one No. 318,859 for an apparatus for dredging, and the other No. 318,860 for a process of dredging involving the same or similar apparatus. But it is very plain that this case has no application to the controversy before us.

It was of no consequence whatever whether the patent No. 318,860 in that case for a process was valid or not. The question of its validity as a patent for a process was not made in the case. The suit was one for infringement; and both patents were sued upon jointly. Now, either the second patent was valid, or it was not. If it was valid, it was proper to include the two patents in the one suit for infringement: if it was void, it was only because the subject-matter of it, being merely the function of a machine and not a true process, was included in the first patent. We find nothing in this case that can be authority for the position of the appellant in the present case, further than the fact that the Patent Office itself has set a precedent by the issue of the two patents, Nos. 318,859 and 318,860. In the absence of explanation and of the records of these two cases, we cannot regard the precedent as having any controlling weight.

It appears to us that the appellant's invention is fully protected by the allowance of his patent for an apparatus; and that the decision of the Commissioner of Patents, in disallowing the application for a process, is right, and should be affirmed.

The clerk will certify this opinion, and the proceedings in this court in the cause to the Commissioner of Patents according to law.      *Affirmed.*